UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAVIA WAGNER,**

       **Plaintiff,**

v.                                                 Case No: 6:24-cv-2331-JSS-DCI

**CARROL B. WETHERINGTON,
TRENA P. WETHRINGTON, and BLUE
SPRINGS MARKETPLACE,**

       **Defendants.**

## ORDER AND ORDER TO SHOW CAUSE

Tavia Wagner (Plaintiff) initiated this case against Carrol B. Wetherington, Trena P. Wetherington, and Blue Springs Marketplace (Blue Springs) (collectively, Defendants). Doc. 1. Plaintiff has filed returns of service with respect to Trena P. Wetherington and Blue Springs. Docs. 11, 12. Defendants have not filed an answer to the Complaint but, on or about February 19, 2025, Trena P. Wetherington submitted a letter to the Court regarding contact with the "office of the ADA" and a future "certification of conformity." Doc. 13 (the Letter). Trena P. Wetherington states that "upon contacting the office of the ADA we were informed that we have ten years to comply with any infractions of the ADA" and "[w]e will also be seeking a certification of conformity by an ADA specialist. . .." *Id*. As such, it appears that Trena P Wetherington filed the letter collectively on behalf of Defendants. *See id*. Plaintiff has since filed a Motion to Strike the Letter and requests that the Clerk enter default against Trena P. Wetherington and Blue Springs. Doc. 14 (the Motion).

Upon due consideration, the Motion is due to be granted in part. First, the Letter is due be stricken as it violates Local Rule 3.01(k) ("A party must not use a letter, email, or the like to request

relief or to respond to a request for relief."). Second, Trena P. Wetherington, as a non-lawyer, may not represent Carrol B. Wetherington or Blue Springs in this matter. Blue Springs may appear in this case only through a lawyer. *See* Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."); *see also Laquille-Brugman v. United States*, 2023 WL 8643684, at **2 (11th Cir. Dec. 14, 2023) ("Although a party may represent herself *pro se*, a non-attorney may not represent other parties in federal court.") (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997)).

In addition, Plaintiff is entitled to a Clerk's entry of default with respect to Blue Springs. Plaintiff has filed a Return of Service that reflects that a process server served Blue Springs' registered agent with a summons and the Complaint on January 15, 2025. Doc. 11. Blue Springs has not filed a response to the Complaint and the time for doing so has elapsed. Accordingly, Clerk's entry of default is proper pursuant to Federal Rule of Civil Procedure 55(a).

However, Plaintiff is not entitled to default with respect to Trena P. Wetherington. Rule 55(a) provides that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Though the Letter is not a proper response to the Complaint, it seems that Trena P. Wetherington is otherwise defending the matter, at least on her own behalf. Accordingly, the Court will permit Trena P. Wetherington an opportunity to file a response that complies with the Local Rules and Federal Rules of Civil Procedure.

Finally, with respect to Carrol B. Wetherington, both Plaintiff and Trena P. Wetherington represent to the Court that Carrol B. Wetherington is deceased. Docs. 13, 14. As such, it appears that Plaintiff's claims against Carrol B. Wetherington might be subject to dismissal. *See* Rule

25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by and against the decent must be dismissed.").

Based on the foregoing, it is **ORDERED** that:

1. The Motion (Doc. 14) is **GRANTED in part** to the extent that:

    a. the Letter (Doc. 13) is **STRICKEN**; and

    b. the **CLERK** is directed to enter default against Blue Springs in accordance with Rule 55(a);

2. the Motion (Doc. 14) is **DENIED without prejudice** in all other respects;

3. **on or before March 18, 2025**, Plaintiff is must show cause why the Court should not dismiss Carrol B. Wetherington from the case; and

4. **on or before March 18, 2025**, Trena P. Wetherington must respond to the Complaint.

**ORDERED** in Orlando, Florida on March 5, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties